OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cincinnati Bar Association v. Altekruse.
[Cite as Cincinnati Bar Assn. v. Altekruse (1994),     Ohio
St.3d     .]
Attorneys at law -- Misconduct -- Indefinite suspension --
     Neglecting an entrusted legal matter -- Failing to seek
     lawful objectives of client -- Failing to carry out
     contract of employment -- Knowlingly making a false
     statement of law or fact in representation of client --
     Engaging in conduct involving dishonesty, fraud, deceit or
     misrepresentation -- Engaging in conduct adversely
     reflecting on fitness to practice law -- Failing to
     cooperate with investigators on ethical complaints.
     (No. 93-2518 -- Submitted March 22, 1994 -- Decided May
11, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-53.
     In a complaint filed August 16, 1993, relator, Cincinnati
Bar Association, charged respondent, John L. Altekruse, Jr., of
Cincinnati, Attorney Registration No. 0032062, with five counts
of misconduct alleging numerous violations of the Code of
Professional Responsibility.  Although personally served with a
copy of the complaint, respondent failed to file an answer, and
a panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") considered the matter
on relator's motion for default judgment with supporting
affidavits.  Respondent had received a public reprimand on
March 4, 1992 for violating DR 9-102(B)(3) and 9-102(B)(4).
Cincinnati Bar Assn. v. Altekruse (1992), 63 Ohio St.3d 139,
586 N.E.2d 75; see, also, Cincinnati Bar Assn. v. Altekruse
(1992), 64 Ohio St.3d 1212, 597 N.E.2d 164.
     The panel found that in August 1991, respondent was
retained by Sarah and Peter Curtner to prepare and file
bankruptcy papers on their behalf.  The Curtners paid
respondent $600 to perform these services.  However, respondent
failed to respond to numerous phone calls from the Curtners and
further failed to prepare or file their bankruptcy action.  On
one of the few occasions that respondent did contact the
Curtners, he falsely told them that he had filed documents with

the bankruptcy court although none were ever filed.

After being notified of the Curtners' complaint against respondent, relator appointed attorney Timothy E. Hoberg to investigate. Hoberg sent three letters and left a message on respondent's answering machine requesting him to respond to the complaint and supply any pertinent documentation. Respondent failed to respond to Hoberg's letters or call. On July 7, 1993, respondent was served with a subpoena requiring him to appear at Hoberg's office with his documents pertaining to the Curtners. Respondent ignored the subpoena.

The panel concluded that respondent had violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him), 7-101(A)(1) (failing to seek the lawful objectives of his client), 7-101(A)(2) (failing to carry out a contract of employment for professional services), 7-102(A)(5) (knowingly making a false statement of law or fact in his representation of a client), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law), and Gov. Bar R. V(4)(G) (failing to cooperate with investigators on ethical complaints).

Relator recommended that respondent be permanently disbarred. However, the panel recommended that respondent be indefinitely suspended from the practice of law. The panel found that respondent's refusal to cooperate with the investigation or respond to the complaint was "most troubling" and emphasized that respondent had been sanctioned only months prior to his commission of some of the acts forming the basis of relator's complaint. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Taft, Stettinius & Hollister and Timothy E. Hoberg; and D. Michael Poast, for relator.

Per Curiam. We concur in the findings and recommendation of the board. John L. Altekruse, Jr. is hereby indefinitely suspended from the practice of law. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would suspend respondent for one year.